# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JOSE CASTANEDA,<br><br>      Plaintiff,<br><br>vs.<br><br>WELLS DAIRY CO.,<br><br>      Defendant. | No. CV 07-4018-MWB<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

_____

Jose Castaneda filed a five-count complaint against Wells Dairy Co. on March 16, 2007. Dkt. # 2. In count I of his complaint, Castaneda alleges Wells Dairy violated his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2612, *et. seq*. In counts II, III, and IV of his complaint, Castaneda alleges his termination was in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201 *et seq.*, and the Iowa Civil Rights Act (ICRA), Iowa Code § 216.1 *et. seq*. Finally, in count V of his complaint, Castaneda alleges his termination was in retaliation for asserting his rights under worker's compensation statutes, in violation of Iowa's public policy under *Springer v. Weeks & Lee Co.*, 429 N.W.2d 558 (Iowa 1998).

Currently before the court is Wells Dairy's December 21, 2007, motion for summary judgment on all claims. Dkt. # 14. Castaneda filed his resistance on January 25, 2008. Dkt. # 19. Wells Dairy filed its reply on February 4, 2008. Dkt. # 25. The court heard oral arguments on the motion on March 14, 2008. Richard Moeller of Berenstein, Moore, Berenstein, Heffernan and Moeller in Sioux City, Iowa, represented

Wells Dairy. Dennis McElwain and Jay Smith of Smith and McElwain, also in Sioux City, represented Castaneda. The matter is now fully submitted.

The court has applied the well-known summary judgment standards to this case, *see, e.g.*, *Friends of Boundary Waters Wilderness v. Bosworth*, 437 F.3d 815, 821 (8th Cir. 2006) (stating summary judgment standards), and is leaning towards a grant of summary judgment to Wells Dairy on Castaneda's FMLA, ADA and ICRA claims. The court doubts whether Castaneda has created a jury question regarding the element of "notice" in his FMLA claims, particularly because Castaneda's interference and retaliation claims under the FMLA are premised on a future request for leave that he admittedly never asked for. *See Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir. 1999) ("The employee need not specifically mention FMLA leave, but must state that leave is needed. . . ."). Castaneda's need for leave was still unknown at the time of his termination, and even if surgery was likely so that Wells Dairy somehow had notice, the FMLA "condones lawful interferences with FMLA rights." *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005). Furthermore, to make out a *prima facie* case of retaliation under the FMLA, Castaneda must have "exercised rights afforded by the Act." *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002).

The court also doubts whether Castaneda has created a genuine issue of material fact regarding his failure to accommodate and discriminatory disparate treatment claims under the ADA and ICRA because there is little evidence—other than an affidavit that may or may not be fairly characterized as conclusory—that Castaneda was disabled "in either a class of jobs or a broad range of jobs in various classes" at the time of his termination. *Webner v. Titan Distribution, Inc.*, 267 F.3d 828, 834 (8th Cir. 2001). In addition, regarding his failure to accommodate claim, Wells Dairy ostensibly provided a reasonable accommodation by asking him to perform his job within stricter work restrictions, *see*

2

*Montgomery v. John Deere & Co.*, 169 F.3d 556, 562-63 (Lay, J., concurring) (recognizing the employer "willingly provided him with any assistance [the plaintiff], or his doctor, requested regarding his medical condition"), and there is little evidence that Castaneda asked for any other accommodation, *see Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1045 (8th Cir. 2005) ("[T]he employee must inform the employer of the accommodation needed."), or that a vacant position existed for which Castaneda was qualified, *see Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1019 (8th Cir. 2000) ("[T]he existing position must be vacant.").

The court, however, is not inclined to grant summary judgment to Wells Dairy on Castaneda's retaliation claim under *Springer*. As the court indicated at oral arguments, it is a question of fact whether those making the termination decision, Scheitler and Millikan, had knowledge of Castaneda's worker's compensation claim and acted adversely because of such claim. The evidence clearly establishes Millikan and Scheitler knew about the possibility of surgery, that they knew Castaneda had a worker's compensation claim, and that they could have known that Castaneda was requesting another opinion about surgery. Castaneda was terminated shortly after his request for another opinion about surgery. Under such circumstances, the court believes sufficient evidence exists to create a triable question on this claim.

This case is scheduled for a bench trial before the undersigned on May 5, 2008. As a result, and because more time would likely be spent on a longer summary judgment ruling than on a trial where all claims are based on similar evidence, the court chooses to deny summary judgment on all claims. The court initially informed the parties at oral argument that it hoped to render a decision on Wells Dairy's motion for summary judgment by the first week of April. The court hopes its quick decision affords the parties time enough to ensure the bench trial proceeds efficiently. Neither party should bother

3

filing a motion to reconsider, as the court is convinced this is the proper course to follow. Wells Dairy's motion for summary judgment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA